George B. Parsons, J.
The motion to set aside the indictment in this case was brought before this court on March 25, 1959. The District Attorney, Mr. Roger E. Davis, and the attorney for the defense Mr. Joseph A. Haney, presented affidavits and memoranda to the court together with oral argument. The court has carefully read all of these papers by both counsel and checked the law in this matter as well as keeping extensive notes on any thing in oral argument that should be added to the written matter. The defendant attacks the regularity of the Grand Jury proceedings, setting forth contentions as to such irregularity or lack of knowledge as to the regularity of the proceedings. The court itself is not present during Grand Jury proceedings and therefore must rely only on the Grand Jury minutes and the records in connection with the proceedings. In addition to this the court must rely upon the sworn affidavit of the District Attorney, who is the officer of the court, present at all times of the Grand Jury presentation. The District Attorney’s affidavit shows compliance with statute and regularity in direct conflict with the contention of the defense, and the court in deciding this motion must take the affidavit of the District Attorney as given in good faith, truthfulness, and accuracy. The court further has read these Grand Jury minutes and perused them very carefully with considerable attention to the matters brought forth by the defense. These Grand Jury minutes have been in the hands of the court now for some time and have been read a number of times. As far as this court is concerned, at least, it is of the opinion that the indictment of the Grand Jury in this case, which was handed up, was based on *386 sufficient and legal evidence for the charge entered by the Grand Jury and handed to the court as an indictment in the case.
As to the contention in this matter that the evidence on the shotgun, alleged to have been loaded under the counts in that indictment, being insufficient, the court again went carefully over the Grand Jury minutes. This is the strict prerogative of the court and the court has wide jurisdiction in respect to the use of these minutes, and the validity, sufficiency and legality of the same. The court, however, in this ruling is not going to decide questions of fact which would have to be brought up on trial and if finally admitted and referred to the jury, decided by them. However, the opinion of the court is, upon reading ing these Grand Jury minutes and the evidence presented there in respect to the shotgun mentioned and described in the third and fourth counts of the indictment, that again, upon this motion, the discretion to decide as to the sufficiency thereof is the power of the court. It is the opinion of the court therefore, on this matter, that the Grand Jury minutes show that there was evidence presented of “means present ” to give sufficient cause to indict on these two counts and that further there was other evidence, in addition thereto, which was sworn to, which the Grand Jury apparently considered to substantiate the means alleged to have been present.
It is the belief and opinion of this court that no constitutional rights of the defendant have been violated after perusal of the various papers and instruments that have been before the court.
The motion to set aside the indictment, therefore, is denied.
Submit order accordingly.